

**IT IS SO ORDERED.**
**Signed June 30, 2015**

*Arthur S. Weissbrodt*
Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 12-50247-ASW |
| HOME LOAN SERVICE CORPORATION, | Chapter 7 |
| Debtor. | Hrg. Date: April 24, 2015<br>Hrg. Time: 3:30 p.m. |

**MEMORANDUM DECISION DENYING MOTION TO DISGORGE FEES**

Before the Court is the motion of the chapter 7 Trustee, Fred Hjelmeset, for disgorgement of $10,500 in interim attorney's fees paid to Debtor's former chapter 11 counsel, David Levin. The Trustee is represented by attorney Gregg Kleiner. Mr. Levin, who opposes the motion, appears pro se.

This case was filed as a chapter 11 on January 12, 2012. The case was converted to chapter 7 on June 2, 2014, at the request of the United States Trustee ("UST"), for lack of an ability to reorganize and for the Debtor's failure to keep current with monthly operating reports.

On March 11, 2013, while this case was in chapter 11, and more than 14 months before the case was converted to chapter 7, the Court approved Mr. Levin's request for interim fees of $48,132 and

expenses of $188.51.  To these amounts, Mr. Levin applied a
retainer he was holding in the amount of $20,836.  That retainer
was subject to an attorney's lien in favor of Mr. Levin, which the
Trustee does not contest.  Mr. Levin also received periodic
payments from the Debtor totaling $10,500, leaving unpaid fees and
expenses totaling $16,984.51.  The Trustee seeks disgorgement of
the $10,500.

According to the Trustee's declaration, the Trustee has
completed administration of the estate and is holding approximately
$21,889.72 in cash.  The Trustee reports that the administrative
obligations of the estate total approximately $32,986, including
$28,687.50 in attorney's fees owed to the Trustee's counsel, but
excluding the Trustee's commissions, which the Trustee estimates
would be approximately $2,954.99.  Thus, in the Trustee's opinion,
the estate is administratively insolvent.  However, there are no
court approved chapter 7 administrative expenses at this juncture.

In seeking disgorgement of the $10,500 of fees paid during the
pendency of the chapter 11 case, the Trustee cites 11 U.S.C.
§ 726(b), which requires that, in a chapter 7 case, chapter 7
administrative claims be paid ahead of chapter 11 administrative
claims.  Mr. Levin has filed an opposition to the Trustee's motion.
Mr. Levin does not dispute that this Court has the authority to
order disgorgement, within its discretion.  Instead, Mr. Levin
opposes the motion on the grounds, <u>inter</u> <u>alia</u>, that the chapter 7
administrative fees in this case (including $28,687 in attorney's
fees) are excessive given the amount of money recovered for the
estate ($21,889) and in light of the docket activity, which shows
very little work done on the case since conversion.  Mr. Levin

contends that the Court does not have enough information to rule on the disgorgement motion at this time because the Trustee and his professionals have not yet submitted fee applications to justify the amounts of their fees. Mr. Levin points out that the case may not be administratively insolvent, depending on how the Court rules on the Trustee's attorney's fee application.

In reply, The Trustee states -- incorrectly -- that it is without dispute that the chapter 7 case is administratively insolvent. The Trustee acknowledges Mr. Levin's arguments but requests that the Court grant the Trustee's motion subject to further order of this Court. The Trustee proposes that if the Court does not award fees and costs to the chapter 7 Trustee and his professionals that exceed the sums on hand in the estate plus the disgorged fees, the balance of the disgorged fees may then be returned to Mr. Levin.

For the reasons explained herein, the Trustee's motion is denied. First, as Mr. Levin correctly points out, the Trustee has not yet demonstrated that the case is administratively insolvent. However, even if the case were administratively insolvent, the Trustee cannot prevail on his Motion on the current record before the Court.

**I. <u>Section 726(b) may have no applicability to the issue here.</u>**

The starting point of the Court's analysis is the Code section upon which the Trustee relies, § 726(b):

> Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6), (7), or (8) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such

>                    particular paragraph, except that in a case
>                    that has been converted to this chapter under
>                    section 1112, 1208, or 1307 of this title, a
>                    claim allowed under section 503(b) of this
>                    title incurred under this chapter after such
>                    conversion has priority over a claim allowed
>                    under section 503(b) of this title incurred
>                    under any other chapter of this title or under
>                    this chapter before such conversion and over
>                    any expenses of a custodian superseded under
>                    section 543 of this title.

This section appears on its face to deal only with the situation in which there is money in a chapter 7 estate, but not enough money to pay both unpaid chapter 11 and chapter 7 administrative expenses. Section 726(b) provides that the chapter 7 administrative claims will take priority, meaning that the chapter 7 administrative expenses will be paid in full before the chapter 11 expenses receive any distribution. There is nothing in the section requiring, or even suggesting, disgorgement of earned and paid chapter 11 expenses solely in order to pay chapter 7 administrative expenses in full.

One recent bankruptcy case held that disgorgement based solely on administrative insolvency is not permitted under § 726(b). See In re Headlee Management Corp., 519 B.R. 452 (Bankr. S.D.N.Y. 2014).[1] In reaching this conclusion, the Headlee court noted that § 726 simply does not provide a remedy for the situation in which

---

[1] The Trustee's reply states that Headlee was administratively solvent at the chapter 7 level. The Court does not understand how the Trustee came to this conclusion. As the Headlee court stated: "The chapter 7 trustee motioned to disgorge interim chapter 11 professional fees received in this converted case. The sole basis for the motion is the administrative insolvency of the chapter 7 estate. For the reasons that follow, the Court finds no statutory authority to disgorge interim professional fees purely on the basis of administrative insolvency and denies the motion." 519 B.R. at 453.

professional fees have been paid in a chapter 11 case prior to conversion. The Headlee court specifically declined to read a disgorgement remedy into the statute, particularly since sections 549 and 330 did not offer a disgorgement remedy in this situation. Id. at 458-59. If this is a correct statement of the law, then the Trustee's Motion must be denied.

In many ways, Headlee is persuasive. Section 726(b) does not provide for a disgorgement remedy. The Code provides the chapter 7 estate with specific sources of funds from which chapter 7 administrative expenses are often paid, including avoidance actions and preferences. See, e.g., 11 U.S.C. §§ 547 (preferences), 548 (fraudulent transfers). And section 105 should not be employed to create rights that appropriately would be found (if at all) in other specific sections of the Code. See Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 507 (9th Cir. 2002).

The Court understands the policy arguments in favor of ensuring that the chapter 7 administrative expenses get paid. However, there are strong policy arguments against disgorging earned and paid chapter 11 administrative expenses based on chapter 7 administrative insolvency. As Collier on Bankruptcy states:

> There is nothing in sections 331 or 726(b) that requires disgorgement due to administrative insolvency. The fact that interim compensation awards are not final should allow reconsideration of the allowance issue but not the payment issue, so that amounts paid must be returned if the professional never earned them, based on the results of the final fee application. . . .
>
> When the professional has fully earned the payment, there does not appear to be any rational reason why the professional should be treated differently from the ordinary course administrative claimant who also earned, and is entitled to keep, its payment.

Case: 12-50247    Doc# 176    Filed: 06/30/15    Entered: 07/01/15 07:48:46    Page 5 of 17

5

Collier on Bankruptcy ¶ 331.05[2][b] (16th ed. 2014). According to Collier on Bankruptcy, "[t]his is the better reasoned view." Id.

If disgorgement of interim fees were a real possibility in all chapter 11 cases due to post-conversion chapter 7 administrative insolvency, then that policy could have a serious chilling effect on chapter 11. The chapter 11 professionals would likely respond by demanding larger up-front retainers with arguably concomitant security interests to gain the protections of In re Dick Cepek, Inc., 339 B.R. 730, 739-41 (9th Cir. BAP 2006), and they might charge much higher fees across the board to cover the risk of non-compensation. In turn, this harms chapter 11 debtors (and their employees), who might not be able to afford the higher fees. It also harms everyone who might have benefitted from a viable chapter 11, including secured and unsecured creditors, customers of the debtor, and others. These are broader implications that should be considered.

Furthermore, as explained below, the cases that say that the court may order disgorgement of chapter 11 expenses to pay chapter 7 expenses generally fall into two categories: either they are pure dicta as no disgorgement was ordered, or the results are explicable on grounds other than § 726(b).

## II. **The practice of bankruptcy law in the Ninth Circuit does not support disgorgement.**

The practice of bankruptcy law in the Ninth Circuit supports the view that § 726(b) does not authorize disgorgement of earned and paid chapter 11 administrative expenses solely in order to pay chapter 7 administrative expenses. The undersigned judge, having

served on the bench for over 25 years, and having adjudicated hundreds of cases that were converted from chapter 11 to chapter 7, has never before seen a motion for disgorgement by a chapter 7 trustee in a circumstance such as this. The Court is aware of only a single case within the Ninth Circuit where any court actually ordered disgorgement of earned and paid chapter 11 administrative expense fees solely in order to pay chapter 7 administrative expenses. In re Lochmiller Industries, Inc., 178 B.R. 241 (Bankr. S.D. Cal. 1995).

That case, cited in the Trustee's reply brief, is very unusual in several important respects. There, the bankruptcy court authorized the chapter 7 trustee to demand disgorgement of fees paid to chapter 11 professionals where the chapter 7 estate was administratively insolvent. However, the case is both an outlier and is distinguishable on several important grounds. First, the bankruptcy court acknowledged that:

> Neither the parties to this action nor this Court have discovered a case in which Chapter 11 processionals were actually ordered to disgorge fees and costs paid.

Id. At 251.

Second, the court specifically conditioned appointment of the various chapter 11 administrative professionals on the possibility of disgorgement.[2] One such order provided, for example:

> IT IS FURTHER ORDERED: That should insufficient assets remain in the estate to sufficiently discharge the administrative expenses of the Chapter 7 proceedings that STRAUSS, KISSANE,

---

[2] It is unknown why the court specifically conditioned appointment on the possibility of disgorgement. Possibly, the bankruptcy court may have foreseen that the case was likely to convert to chapter 7 when the appointments of chapter 11 professionals were made.

> DAVIS & HARGROVE shall disgorge said sum to the Estate's Trustee. The payment of fees and costs is further subjected (sic) to disgorgement in the event that the Chapter 7 Estate's assets are insufficient to satisfy Chapter 11 administrator (sic) expenses in full.

Id. at 244.

Third, perhaps because of the language in the orders appointing them, none of the affected professionals contested the bankruptcy court's authority to order them to disgorge fees. So the court's authority to require disgorgement of paid and earned chapter 11 administrative expenses was not placed at issue or litigated. Rather, one professional asserted that any disgorgement to be made by the Chapter 11 professionals should be limited to

> that portion of their fees that exceeds the pro rata share obtained by dividing payment on all Chapter 11 administrative claims (including expenses paid by the debtor-in-possession in the ordinary course of business) by the total of all Chapter 11 administrative claims.

Id. at 247. The bankruptcy court rejected this argument, ruling that payments made (to trade creditors) in the ordinary course of the chapter 11 case were not subject to disgorgement and could not be recovered.[3] The court reasoned that "the alternative would make it impossible for any prudent business person voluntarily to do business even on a cash basis with a chapter 11 debtor." Id. at 248 (citing In re Manwell, 62 B.R. 533 (Bankr. N.D. Ind. 1986)).

In sum, the Lochmiller court, in this twenty-year-old case, appointed the chapter 11 professionals expressly conditional on the

---

[3] The Lochmiller court also ruled that United States Trustee's fees which became due during the chapter 11 case were entitled to the same priority as chapter 7 administrative expenses, whether or not they had been paid during the chapter 11, and therefore were not subject to disgorgement following conversion on the ground that the chapter 7 estate was administratively insolvent. Id. at 250.

possibility of disgorgement upon chapter 7 administrative insolvency, so that the chapter 11 professionals could not reasonably argue that they had relied on being able to keep their earned and paid fees during the chapter 11. And importantly, the <u>Lochmiller</u> court did not have before it a challenge to the court's authority to order disgorgement of chapter 11 administrative fees. The case appears to be an outlier, and it is highly instructive that the Trustee in the case at bench has not cited a single Ninth Circuit case since <u>Lochmiller</u> in which earned and paid chapter 11 expenses were ordered disgorged to pay chapter 7 administrative expenses. Indeed, apart from <u>Lochmiller</u>, the Trustee has not cited, and the Court has not found, a single case anywhere in the entire country where a court ordered disgorgement of earned and paid chapter 11 administrative expenses solely in order to pay chapter 7 administrative expenses in full.

### III. **Some cases state that the Court has discretion to disgorge.**

There are a number of cases that say that the bankruptcy court has authority, in its discretion, and under certain circumstances, to order disgorgement of earned and paid chapter 11 administrative expenses to pay some portion of the chapter 7 administrative expenses. Those circumstances often focus on whether the debtor's lawyer should have known when the fees were incurred that the chapter 11 case was doomed and heading for conversion.[4]

There are a number of cases which say that disgorgement of chapter 11 administrative fees is within the discretion of the

---

[4] As discussed <u>infra</u>, all or almost all of these cases involve debtors' chapter 11 lawyers, as opposed to accountants, financial advisors, or other professionals.

bankruptcy court, within a variety of contexts.[5] According to Collier on Bankruptcy ¶ 331.05[2] (16th ed. 2014), this is the minority view,[6] but it is the correct view.

---

[5] See In re Anolik, 207 B.R. 34, 39-40 (Bankr. D. Mass. 1997) (disgorgement of interim fees paid in a chapter 11 case to pay chapter 7 administrative expense claims is discretionary, and a court should consider several factors before deciding whether to order disgorgement; the court declined to disgorge fees); In re Unitcast, Inc., 219 B.R. 741, 753 (6th Cir. BAP 1998) (nothing in § 726(b) compels disgorgement of fees paid to chapter 11 professionals in order to pay an IRS administrative expense claim); In re Vernon Sand & Gravel, Inc., 109 B.R. 255, 258-59 (Bankr. N.D. Ohio 1989) (declining to disgorge fees earned by and paid to a chapter 11 attorney before conversion, where there were insufficient funds to pay all chapter 11 claimants); and In re St. Joseph Cleaners, Inc., 346 B.R. 430, 439-40 (Bankr. W.D. Mich. 2006) (stating that § 330 offers no justification for the rule imposed by Specker Motor Sales Co. v. Eisen, 393 F.3d 659 (6th Cir. 2004), for mandatory disgorgement); see also Guinee v. Toombs (In re Kearing), 170 B.R. 1, 7 (Bankr. D. Co. 1994) (§ 105 gives bankruptcy courts the authority to disgorge interim compensation paid to chapter 11 counsel "in order to effectuate a pro rata distribution among Chapter 11 administrative claimants"). Even the dicta from Dick Cepek, 339 B.R. at 736, suggests that if disgorgement is permitted, it is discretionary, not mandatory.
     In Specker Motor Sales Co., 393 F.3d at 663, the Sixth Circuit declined to follow Unitcast, ruling that interim compensation to chapter 11 counsel -- including from a retainer -- must be disgorged, mandatorily, when necessary to achieve pro rata distribution among all administrative claimants under both chapters 7 and 11. The decision in Specker Motor Sales runs contrary to the Ninth Circuit BAP's decision in Dick Cepek, which put secured retainers out of reach from disgorgement, and which expressly rejected Specker, because the Sixth Circuit did not consider whether there was a security interest.

[6] Two headers within Collier on Bankruptcy at ¶¶ 331.05[2][a] & [b] are somewhat misleading. One purports to identify "Cases Holding That Disgorgement is Mandatory upon Administrative Insolvency," and the other states, "Disgorgement Discretionary."
     Under the first header, Collier states that the majority of cases have ruled that "courts must order disgorgement of interim compensation when disgorgement is necessary to achieve pro rata distribution to administrative claimants." A pro rata distribution among claimants from the same class (such as chapter 11 administrative claimants) is altogether different from disgorging fees earned by and paid to chapter 11 claimants in order to pay
(continued...)

The analysis in these cases is often confused or muddled. Some of the cases talk about disgorging chapter 11 administrative fees so as to achieve an equal pro rata distribution among both chapter 11 and chapter 7 administrative claimants. This is very different from what the Trustee here requests, <u>i.e.</u>, to disgorge chapter 11 administrative fees in order to pay chapter 7 administrative creditors 100% of their claims. Nearly all of the cases that state that chapter 11 earned and paid administrative expenses may be disgorged to pay chapter 7 administrative expenses are either pure <u>dicta</u> (because they do not actually order disgorgement) or are distinguishable (because they reasonably could have been decided on different grounds, <u>e.g.</u>, that the chapter 11 administrative fees were not reasonably earned when incurred).

Chapter 11 administrative expenses that have not been approved by final order are subject to review by the court. So, if the Court finds that the Debtor's lawyer kept working on the chapter 11 case and incurring substantial fees when the lawyer knew, or should have known, that the case was hurtling toward chapter 7, the Court might appropriately find in these circumstances that all or some of the fees were not earned when incurred -- without resort to

---

[6](...continued)
chapter 7 claimants in full. <u>Collier</u> has not cited to any case which mandates disgorgement in the latter circumstance. In addition, at least one court has said that the majority rule is that disgorgement is in the discretion of the court. <u>See</u> <u>In re Chute</u>, 235 B.R. 700, 702 (Bankr. D. Mass. 1999) (declining to disgorge fees paid to special counsel, stating that "[a] majority of courts . . . take the view that, because the Code does not expressly mention disgorgement, the question is left to the discretion of the bankruptcy court.")

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

§ 726(b) at all.[7]

An excellent case in point is the case on which the Trustee places primary reliance, Dick Cepek, supra. In Dick Cepek, the Ninth Circuit vacated and remanded the bankruptcy court's order disgorging fees that were subject to a valid security interest. Accordingly, the holding of the case did not involve the issue presented here. Nevertheless, the BAP went ahead and in dicta stated:

> Section 726(b) provides that payments specified in certain paragraphs of section 507 (including administrative claims) "shall be made pro rata" among claims of a kind specified in a particular paragraph, except that following conversion to Chapter 7, Chapter 7 administrative claimants shall have priority over other administrative claimants. See 11 U.S.C. § 726(b)(emphasis added). To achieve pro rata distribution among a class of claimants, a court can order those claimants who have received payment during the course of a case to disgorge whatever amount is necessary to equalize the percentage of payments among all creditors in that class.

Dick Cepek, 339 B.R. at 736-37.

This language "to equalize the percentage of payments among the creditors in that class" is confusing, and possibly incorrect, because chapter 11 administrative expenses are in a different class than chapter 7 administrative expenses. Accordingly, disgorgement is not designed to "equalize the percentage of payments among all

---

[7] As noted above, one of the factors articulated by some courts in considering whether to disgorge chapter 11 paid administrative expenses is whether the professional reasonably expected the case to convert to chapter 7. In this regard, it should be noted that the debtor's (or a creditors' committee's) accountant and/or financial advisor may well be in a better position to assess the financial viability of the debtor than the debtor's attorney or the attorney for a creditors' committee.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

creditors <u>in that class</u>." (Emphasis added.) In any event, the BAP volunteered this opinion because the case did not involve the issue of disgorgement. And, as discussed above, to the extent there are funds in the chapter 7 estate, it is uncontested that section 503(b) administrative expenses in the chapter 7 case take priority over the unpaid section 503(b) administrative expenses incurred while the case was under chapter 11. For the same reasons, the Ninth Circuit BAP has also held that the administrative expenses of a chapter 7 have priority over a creditor's administrative expense claim arising from the failure of adequate protection in a case converted from chapter 11 to chapter 7. See <u>In re Sun Runner Marine</u>, Inc., 134 B.R. 4, 7 (9th Cir. BAP 1991) (per curiam). The BAP reasoned:

> Assuring compensation to those liquidating the estate, as a practical matter, allows such persons to pursue assets of the estate and increases the overall return to all creditors, with those holding section 507(b) claims being among the first to benefit. In this regard, the purposes of the Code are better served by affording priority to the Chapter 7 costs of administration.

<u>Id.</u>

There is no serious dispute as to the effect and requirements of § 726(b): to the extent that there are funds in a chapter 7 estate, section 503(b) administrative expenses claimed in a chapter 7 case converted from chapter 11 take priority over the unpaid section 503(b) administrative expenses incurred while the case was under chapter 11.

However, § 726(b) does not address -- or even mention -- the disgorgement of fees earned by, and paid to, chapter 11 professionals prior to conversion. On this issue, there is no binding case law. As discussed above, the Ninth Circuit BAP's decision in <u>Dick Cepek</u> only suggests in <u>dicta</u> that a court "can"

order disgorgement, in its discretion, not that a court "must" do so.

In Anolik, 207 B.R. at 39, the bankruptcy court stated that "[d]isgorgement is a harsh remedy, one that should be applied only when mandated by the equities of a case." The court then set forth factors which should be considered in the court's exercise of discretion:

> The court's discretion to determine the propriety of disgorgement of previously paid administrative claims must be applied on a case by case basis. Factors to be considered by the court should include whether the party facing disgorgement had a reasonable expectation that the payment received was final, and whether any party who would suffer from nondisgorgement has objected to the trustee's proposed final distribution. Also, where a professional has reason to believe that its goal is unachievable but nevertheless continues to unreasonably amass fees, disgorgement of fees for such services seems appropriate.

Id. (internal citations and quotations omitted). These factors have been endorsed by Collier on Bankruptcy ¶ 331.05[2][b], which also states that "[a]nother consideration is the weighing of the hardship to the professional against the value to the estate, which can be very small if the administrative expenses incurred to recover the interim payment are as large as or nearly as large as the potential recovery."

As discussed above, the bankruptcy court has the ability to review fees on the basis of whether they were reasonably earned when the work was done, without resort to § 726(b) or to disgorgement based on chapter 7 administrative insolvency.

This Court is not convinced, in light of Headlee, that it has the statutory authority to order disgorgement of the fees paid to

Mr. Levin.  However, if such authority exists, the Court is nearly certain that the exercise of this authority would be discretionary.

The Trustee's approach to this issue has been <u>ipse</u> <u>dixit</u>.  The Trustee has proceeded as if there is a hard and fast legal rule that interim fees paid in chapter 11 cases must be disgorged whenever the cases are converted to chapter 7 and there is administrative insolvency.  In apparent reliance on this assumption, the Trustee's two briefs have made no effort to discuss what factors the Court should consider in the exercise of its discretion.  Nor has the Trustee provided any analysis of how this Court should exercise its discretion in this case.

Accordingly, although the Trustee relies upon cases which say that the court has discretion whether or not to order disgorgement to pay chapter 7 administrative expenses, the Trustee makes no attempt to list or discuss the factors the court should consider in exercising its discretion and provides absolutely no analysis of why the Court's discretion should be exercised to order disgorgement in this case. Even <u>Anolik</u> suggests that there must be consideration of the equities of the particular case, including whether counsel had an expectation of retaining the interim payments -- an expectation which, in this case, could be quite substantial in light of the 14 months which passed from the Court's approval of interim fees to the date of conversion.

The Trustee has also not addressed who bears the burdens of proof or persuasion in this circumstance.  Mr. Levin has already demonstrated to the Court this his fees were appropriate, as those fees were approved by court order.  It would seem that the Trustee

15

should bear the burden of proof, if he seeks disgorgement of those fees -- as an exercise of the Court's discretion.[8]

The Trustee has not convinced this Court that it has the authority to disgorge the interim fees of $10,500 paid to Mr. Levin. That remains an open question. However, even if the Court has the discretion to order such disgorgement, the Court declines to do so here. It remains to be seen whether the chapter 7 is, in fact, administratively insolvent. The Court could decline to approve some or all of the Trustee's attorney's fees. For this reason, the request for disgorgement is premature. And, the Trustee has not discussed how or why the Court should exercise its discretion to disgorge Mr. Levin's fees on the current record. At this juncture, given the equities present in this case, the Court would not disgorge Mr. Levin's fees, because the fees were approved long before the conversion to chapter 7; Mr. Levin actually earned the fees which have already been paid; Mr. Levin will not be paid in full for all of the fees which he in fact earned; and the Trustee has made no argument that the equities favor disgorgement. The motion to disgorge fees is denied. Debtor's counsel may submit a form of order.

**\*\*\*END OF MEMORANDUM DECISION\*\*\***

---

[8] In the typical disgorgement situation where the reasonableness of the fees is challenged under §§ 329 and 330, the attorney seeking to retain the compensation bears the burden to establish that the amount of the fee is reasonable. See In re Basham, 208 B.R. 926, 931-32 (9th Cir. BAP 1997). However, the instant motion is not brought under §§ 329 and 330. The Trustee does not contend that Mr. Levin's fees were unreasonable; a footnote in the Trustee's reply suggests that total fees of $92,790 may be excessive, but the Trustee has not suggested that the $31,336 paid to Mr. Levin is excessive.

Court Service List

ECF Notice